IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LEON IVAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00322 |
| | ) | |
| FEDERAL BUREAU OF PRISONS,[1] | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Ivan Leon,[2] an inmate at the United States Penitentiary in Lee County, Virginia (USP Lee), filed this 28 U.S.C. § 2241 motion, challenging a disciplinary decision in which a Discipline Hearing Officer (DHO) required Leon to forfeit 360 days of non-vested good-conduct time and pay a monetary fine. As part of his petition, Leon argues that the "aggressive" sanctions were imposed as a result of discriminatory practices based on his religion and in violation of his right to equal protection under the Fifth Amendment. Because the Bureau of Prisons (BOP) has since modified the sanction to exclude the forfeiture of non-vested good-conduct time, the court finds that Leon's action under § 2241 is now moot and, therefore, will grant respondent's motion to dismiss. In addition, the court denies relief for any standalone equal-protection violation or challenge to any monetary fine imposed by the BOP, as § 2241 does not permit a remedy for either.

---

[1] Respondent notes that the Bureau of Prisons is not the correct respondent for this action. (Resp. 1 n.1, Dkt. No. 6.) Instead, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (alteration in *Rumsfeld*) (quoting 28 U.S.C. § 2242). As petitioner is currently an inmate at USP Lee, the petition is deemed amended to substitute Warden Charles Ratledge for the Federal Bureau of Prisons as the respondent.

[2] While petitioner originally filed this case under the name "Leon Ivan," it appears from the record that his name is actually "Ivan Leon." As such, the court refers to petitioner herein using his surname, Leon.

## I.

On February 10, 2014, while at the Federal Correctional Institution in Schuylkill, Pennsylvania, Leon was charged with fighting a fellow inmate and possessing a weapon. (Pet. 2, Dkt. No. 1.) After a disciplinary hearing, the DHO sanctioned Leon with a total of 60 days of segregation, disallowance of 68 days of good-conduct time, loss of phone and visitation privileges for 8 months, forfeiture of 360 days of non-vested good-conduct time, and a $100 fine. (*Id.*) Leon alleges that he timely filed appeals to the Administrative Remedy Coordinator and the Central Office of Administrative Remedy, both of which were denied. (*Id.* at 3.) He further contends that he has waited six months for a response to his latest appeal, but believes the agency will not change its position.[3] (*Id.* at 3–4.) In his petition, Leon challenges the forfeiture of the 360 days of non-vested good-conduct time as excessive and discriminatory, and asks the court to waive the $100 fine.[4]

In response to Leon's petition, respondent notes that the "sanction of 360 days loss of forfeited non-vested good conduct time . . . has been removed." (Resp. 2, Dkt. No. 6.) To support this assertion, respondent provides a report from the prison's SENTRY system, which contains information about inmates' statuses, administrative remedies, and disciplinary actions. (Ex. 1, Dkt. No. 6-1 at 1.) While the fine and other punishments remain on the report, the non-

---

[3] Leon has asked the court to waive the exhaustion requirement for § 2241 actions. (Pet. 3.) Because his petition is subject to dismissal on other grounds, the court will assume, without deciding, that Leon has exhausted his administrative remedies.

[4] Leon's petition states that he opposes the "Decision to Forfeit Inmate Non Vested Good Conduct Time-428 Days," and later complains of a sanction depriving him of "an unheard of amount of Non-vested Good Time (424 Days)." (Pet. 1, 5.) While he appears to challenge only the sanction of forfeited non-vested good-conduct time, which would consist of 360 days, his totals of 428 and 424 days seem to include the sanction imposing disallowance of good-conduct time. Nonetheless, because Leon requests specific relief only from the forfeiture of "Non Vested Good Conduct Time (less a reasonable forfeiture)" (Pet. 6), the court will consider only the 360-day sanction. The court will allow Leon the opportunity to file an amended petition if he intended also to challenge the sanction disallowing 68 days of good-conduct time, because the BOP did not withdraw that sanction and, thus, a claim seeking relief from it would not be moot.

vested good-conduct time does not appear on the list of current sanctions. (*Id.* at 6.) Accordingly, respondent asks the court to dismiss Leon's petition as moot.[5]

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

Given that Leon has received the relief he seeks with respect to his loss of non-vested good-conduct time, the court must dismiss his claim seeking that relief as moot.

## II.

Leon further argues that the BOP violated his constitutional right to equal protection. Unlike an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which allows federal inmates to bring suit against federal officers for constitutional violations, a habeas corpus proceeding under § 2241 challenges only the "fact or duration" of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Typically, "equal protection claims are not cognizable in habeas proceedings," *Owens v. Ziegler*, No. 5:11-cv-0864, 2012 U.S. Dist. LEXIS 124204, at *4 n.3 (S.D.W. Va. Aug. 9, 2012); however,

---

[5] After receiving respondent's motion, and subsequent to the court's providing notice as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Leon filed a motion for an extension of time to respond. The court granted Leon's motion, giving him until February 8, 2016, to reply, but he has not filed anything to date.

3

"[c]hallenging the execution of [a] sentence based on a perceived constitutional violation does not remove [the] claim from § 2241." *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Thus, a court may consider an equal-protection violation during a habeas proceeding, but only as it relates to the fact or duration of confinement.

The court interprets Leon's equal-protection argument as evidence in support of his challenge to the duration of his confinement, rather than as a standalone claim.[6] But regardless of the reason why the prison initially sanctioned him with the forfeiture of the 360 days of non-vested good-conduct time, it is undisputed that the BOP has already reinstated that time. Thus, because he has already received the remedy he seeks, the court will dismiss this claim as moot.

## III.

Lastly, Leon also challenges the fine imposed by the prison as part of his sanction. In so doing, he does not challenge the fact or duration of his confinement under § 2241. As a result, this claim is not properly brought as part of Leon's § 2241 petition. *Preiser*, 411 U.S. at 500.

---

[6] If Leon intended to assert a standalone claim that the BOP violated his equal-protection rights, that would be a challenge to the conditions, rather than the fact or duration, of his confinement, and not cognizable under § 2241. *Sloley v. O'Brien*, No. 7:07-cv-00507, 2008 U.S. Dist. LEXIS 63849, at *3 n.1 (W.D. Va. July 22, 2008). In any event, Leon has provided an insufficient factual basis to state an equal-protection violation. Leon suggests only that "[he] and others were treated far differently from inmates in similar[] situations in violation of the equal protection clause," and asks the court to "consider the case of other inmates in similar situation[s]." (Pet. 5.) But "[m]erely claiming that other prisoners received less severe punishment for the same violation . . . does not create an equal protection claim." *Wooten v. Hogsten*, No. 6:11-cv-00190, 2012 U.S. Dist. LEXIS 63607, at *6 (E.D. Ky. May 7, 2012) (citing *Millard v. Hufford*, 415 F. App'x 348 (3d Cir. 2011)).

**IV.**

For the reasons stated above, the court will grant respondent's motion and dismiss Leon's petition. As noted in footnote 4, though, Leon may file an amended petition if he also sought to challenge in his petition the sanction disallowing 68 days of good-conduct time. A separate order will be entered.

Entered: July 18, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge